Action by Cornelia Wheeler against E. W. Simmons. From a judgment for plaintiff, defendant appeals.

Argued before DYKMAN and PRATT, JJ.

*W. Farrington,* for appellant. *Collins Sheldon,* (*S. H. Brown* and *John Hackett,* of counsel,) for respondent.

PRATT, J. This action was commenced July 5, 1890, upon a promissory note for $2,000, dated September 22, 1874. The answer set up the statute of limitations and a discharge in bankruptcy, dated 12th day of February, 1879, which discharged the defendant from all debts existing on the 4th of September, 1877. Several payments had been made upon the note from January 9, 1879, up to 1886. These payments were relied on to take the case out of the statute of limitations, and the court found as a fact that these, having been made prior to the statute of this state, passed June 8, 1882, constituted a new promise, and, as matter of law, that the claim was not barred. There is no evidence to sustain a new promise except the payments, and therefore the question is clearly raised whether a payment after a discharge in bankruptcy revives the debt. This question has been recently passed upon by the court of appeals in the case of *Lawrence v. Harrington,* 122 N. Y. 408, 25 N. E. Rep. 406, where it was held that a promise by which a debt is discharged in bankruptcy can be renewed must be an express and distinct promise, and that such a promise cannot be implied from merely proof of partial payments. The finding of fact in the present case has no evidence to support it except the payments. It follows that the judgment must be reversed, and a new trial granted, costs to abide the event.

---

WARBURTON HALL ASS'N *v.* FLANNERY *et al.*

(*Supreme Court, General Term, Second Department. July 2, 1891.*)

1. PLEADING—COMPLAINT—STATING CAUSE OF ACTION.
   A complaint alleged that one S. performed certain services for defendant B., which were reasonably worth a certain sum, and which B. promised to pay; that afterwards, and before action brought, S. assigned his claim for value to plaintiff; that no part of the claim has been paid; and that defendant F. "makes claim to said fund, but which claim is worthless, and said F. is defendant by interpleader;" and demanded judgment against F. for the amount of the claim. *Held,* that the complaint stated a cause of action.

2. SAME—PRAYER OF JUDGMENT—DEMURRER.
   The fact that the demand for judgment in a complaint is inappropriate is not a ground of demurrer.

Appeal from city court of Yonkers.

Action by the Warburton Hall Association against Patrick J. Flannery and the city of Yonkers. The cause of action is set forth in the complaint as follows: "The plaintiff, for a cause of action, respectfully shows to this court, upon information and belief—*First,* that the plaintiff and defendant said board of education in the city of Yonkers are corporations duly organized and existing under the laws of the state of New York, and so organized and existing at the times herein mentioned; *second,* that plaintiff and defendant said board of education now are, and were at the time of the commencement of this action, residents of the city of Yonkers, having their offices in, and transacting their business in, said city; *third,* that heretofore, and at all the times mentioned prior to the commencement of this action, Thomas Stratford and Ernest A. Lynde were civil engineers and surveyors, and formed a copartnership for business under the firm name of Stratford & Lynde; *fourth,* that during said copartnership, and in the month of June, 1890, said firm was employed by defendant said board of education to do certain work, consisting of laying out the grounds, drawing plans, and superintending work in and about the new high

school of defendant on South Broadway, Yonkers, and said work of said firm was reasonably worth the sum of one hundred and thirty-two and 50-100 dollars, ($132.50,) which said board promised and agreed to pay, and which became due and payable about September 1, 1890; *fifth*, that thereafter, and before the commencement of this action, said claim of Stratford and Lynde was duly assigned for value to the plaintiff, of all of which said board of education had notice before the commencement of this action, but declined to pay in whole or in part; *sixth*, that no part of said claim has been paid, and that Patrick J., defendant, makes claim to said fund, but which claim is worthless, and said Flannery is defendant by interpleader. Wherefore, by reason of the premises, plaintiff asks judgment against the defendant Patrick J. Flannery for the sum of one hundred and thirty-two and 50-100 dollars, ($132.50,) with interest from September 1, 1890, besides costs."

From a judgment overruling a demurrer to the complaint, defendant Flannery appeals; and from an order denying in part plaintiff's motion to amend the case, plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John F. Brennan,* for plaintiff. *F. X. Donoghue,* for defendant Flannery.

PRATT, J. Although unartificial in form, the complaint contained a cause of action. It showed the existence of a cause of action, its assignment to plaintiff; that defendant claimed to hold it, and had been made defendant in interpleader. The demand for judgment was inappropriate, but that is not ground for demurrer. The court properly overruled the demurrer, and upon expiration of the time given to answer over entered the proper judgment giving to plaintiff the fund in suit with the taxed costs. The judgment appealed from is affirmed, with costs. All concur.

### APPEAL FROM ORDER.

By the affirmance of the judgment appealed from, the appeal of the plaintiff from the order refusing to amend the case loses all importance. Order affirmed, without costs. All concur.